```
 1
 2
 3
 4
 5
 6                     UNITED STATES DISTRICT COURT
 7                     EASTERN DISTRICT OF CALIFORNIA
 8
 9  PATRICK O. FRANKLIN, SR,           CV F   05 525 OWW LJO P
10              Plaintiff,
                                       FINDINGS AND RECOMMENDATIONS
11       v.                            THAT PLAINTIFF'S IN FORMA PAUPERIS
                                       STATUS BE REVOKED, THE "ORDER
12                                     DIRECTING MONTHLY PAYMENTS" BE
    CALIFORNIA CORRECTIONAL            VACATED AND THE COMPLAINT
13  INSTITUTION, et. al.,              DISMISSED PURSUANT TO 28 U.S.C.
                                       § 1915A(b)(1) AND § 1915(g). (Docs. 1, 10,
14              Defendants.            11.)
                                  /
15
```

Patrick O. Franklin ("Plaintiff"), an inmate currently incarcerated at California Correctional Institution at Tehachapi, California, is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on April 20, 2005. Plaintiff alleges a denial of his "right to medical care, due process, freedom from association and freedom from cruel and unusual punishment." (Complaint at 3.) Specifically, Plaintiff states that "MTA Ortiz to in the Doctor way of the Doctor and he took me to get out of the Doctors office and the Doctor wasn't even finish with my medical care." Id. Plaintiff seeks monetary damages in the amount of $1,500,000. The remainder of the Complaint consists of numerous copies of administrative grievances.

**A. IN FORMA PAUPERIS STATUS**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation without the full prepayment of costs and fees. 28 U.S.C. § 1915(a)(2). The Prison Litigation Reform Act ("PLRA"), however, amended Section 1915 to preclude the privilege of

proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 116 n.1 (9th Cir. 2005).  "Pursuant to § 1915(g), a prisoner with three strikes cannot proceed IFP." Id.  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997.)

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." Andrews, 398 F.3d 1t 116 n.1.  Thus, once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other action in forma pauperis in federal court unless he is in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).[1]

The PLRA does not require a prisoner to demonstrate that § 1915(g) does not bar his request to proceed IFP. Andrews, 398 F.3d at 119.  In some instances "the district court docket records may be sufficient to show that a prior dismissal satisfies at least one fo the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.  When applying 28 U.S.C. § 1915(g) the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under §1915(g)." Id. at 1121.

**B.  APPLICATION OF 28 U.S.C. § 1915(g)**

As a preliminary matter, the Court notes that Plaintiff has alleged no facts that show he is

---

[1] The Ninth Circuit has held that Section 1915(g) does not violate a prisoner's right of access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. Rodriguez v. Cook, 169 F.3d 1176, 1179-82 (9th Cir. 1999); see also Andrews, 398 F.3d at 1123 (nothing constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise of § 1915(g) were applied to preclude those prisoners who filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP."

in imminent injury of serious physical injury. See, 28 U.S.C. § 1915(g); Rodriguez v. Cook, 169 F 3d. 1176, 1178 (9th Cir. 1999.)  Plaintiff may not proceed in forma pauperis under Section 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. See, 28 U.S.C. § 1915(g); Andrews, 398 F.3d at 1119-20; Rodriguez, 169 F.3d at 1178.

In addition, "a court may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robingson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice of the following civil actions filed by Plaintiff and dismissed in the Southern District of California on the grounds that they failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. See, Franklin v. Missakian, CV F 05-518 WQH WM (dismissed July 7, 2005 for failure to state a claim for relief.); Franklin v. Deputy Det.,CV F 05-558 JTM JFS (dismissed July 7, 2005 for failure to state a claim); Franklin v. Hammes, CV F 05-559 WQH JMA (dismissed July 7, 2005 - same); Franklin v. Donovan SP, CV F 05-743 TJW RBB (dismissed July 13, 2005 - same); Franklin v. Donovan SP, CV F 05-744 MJL LSP (dismissed July 14, 2005 - same); Franklin v. Donovan SP, CV F 05-746 NAH LSP (dismissed July 22, 2005 - same).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is under imminent danger of serious physical injury, the Court will RECOMMEND that Plaintiff's in form pauperis status be REVOKED and the case DISMISSED.

Plaintiff may not pay the filing fee after being denied in forma pauperis status to revive his case. "[H]e must pay the fee at the time he initiates the suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).  Further, the dismissal of Plaintiff's action does not affect his substantive rights, nor does not block his access to the courts.  Plaintiff may still pursue any claim after three qualifying dismissals but must do so without the assistance of the in forma pauperis procedures.

## C. RECOMMENDATION

Based on the above, the Court finds that Plaintiff has suffered three or more dismissals within the meaning of Section 1915(g) of the Prison Litigation Reform Act. In addition, the Court has examined the Complaint finds that the case presents no facts from which an inference can be drawn that Plaintiff was under any continuing or imminent danger of serious physical injury at the time the action was filed. 28 U.S.C. § 1915(g); <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1311 (9th Cir.1997). Accordingly, the Court HEREBY RECOMMENDS:

1. That Plaintiff's in forma pauperis status be REVOKED;
2. That the "Order Directing Monthly Payments" be VACATED; and
3. The action be DISMISSED without prejudice pursuant to Section 1915(g).

The Court FURTHER ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 4, 2005**            /s/ Lawrence J. O'Neill
b9ed48                                      UNITED STATES MAGISTRATE JUDGE